```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------- x
TRUSTEES OF THE PAVERS AND ROAD      :
BUILDERS DISTRICT COUNCIL WELFARE,   :
PENSION, ANNUITY AND                 :
APPRENTICESHIP, SKILL, IMPROVEMENT   :
AND SAFETY FUNDS,                    :    **MEMORANDUM AND ORDER**
                                     :
                    Plaintiffs,      :    No. 13-CV-0853 (KAM)(PK)
                                     :
     -against-                       :
                                     :
WJL EQUITIES CORP.,                  :
                                     :
                    Defendant.       :
----------------------------------- x
```
**MATSUMOTO, United States District Judge:**

Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds ("plaintiffs") commenced this action against defendant WJL Equities Corporation ("defendant"), alleging that defendant failed to contribute funds, or "fringe benefits," pursuant to a collective bargaining agreement ("CBA") between September 2012 and June 2013. (ECF No. 8, Amended Complaint ("Amend. Compl.") ¶¶ 11, 13.) On March 27, 2015, the court granted summary judgment to plaintiffs, concluding that WJL had failed to remit employee benefit fund contributions required under the CBA. (ECF No. 40, Memorandum and Order ("Order") at 37.) The court also granted summary judgment to plaintiffs "with regard to defendant's liability for interest, liquidated damages, and attorneys' fees and costs." (*Id.*)

1

Presently before the court is plaintiffs' attorneys' unopposed motion for fees and costs incurred during their prosecution of this action. (ECF No. 47, Plaintiffs' Motion for Attorney's Fees and Costs ("Pls. Mot."); ECF No. 49, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Attorney's Fees and Costs ("Pls. Mem.").) For the reasons provided below, the court grants plaintiff's motion in part.

## **BACKGROUND**

The court assumes familiarity with the underlying facts in this litigation, but will provide background relevant to the instant motion. On February 15, 2013, plaintiffs brought this action to recover unpaid employee benefit fund contributions. (ECF No. 1, Complaint Against WJL Equities Corp.) An amended complaint addressing additional delinquencies was filed on August 15, 2013. (Amend. Compl.) After settlement talks were unsuccessful, plaintiffs filed a motion for summary judgment that defendant opposed. (ECF No. 20, Motion for Summary Judgment by Trustees; ECF No. 30, Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.)

In an order issued on March 27, 2015, the court granted plaintiffs' motion for summary judgment. (Order at 37.) The court determined that the "CBA unambiguously obligated defendant to make contributions, and defendant failed to do so." (*Id.*) The court also granted plaintiffs' motion for summary judgment with respect

2

to defendant's liability for interest, liquidated damages, attorney's fees, and costs. (*Id.*) As relevant here, the court explained that defendant was liable for "[a]ttorneys' fees and costs that will be determined after plaintiffs' application and additional documentation related to fees and costs have been submitted." (*Id.* at 38.)

On May 29, 2015, plaintiffs' attorneys filed the instant motion for attorney's fees. (Pls. Mot.) Michael Isaac, an associate at Virginia & Ambinder, LLP ("V&A"), the law firm representing plaintiffs, signed a declaration explaining in detail the hours billed. (ECF No. 48, Declaration of Michael Isaac in Support of Plaintiffs' Motion for Attorney's Fees and Costs ("Isaac Decl.").) V&A billed the associates who worked on the case at $200 per hour. (*Id.* ¶ 7-8.) Legal assistants who worked on the case billed $80 per hour. (*Id.* ¶ 9.) These rates are reflected in the chart below:

| **Attorney** | **Hourly Rate** |
|---|---|
| Michael Isaac, Esq. (Associate) | $200 |
| Jesse Barton, Esq. (Associate) | $200 |
| Legal Assistants | $80 |

Isaac stated that these "hourly rates are consistent with V&A's customary billing arrangement with" the plaintiffs (*Id.* ¶ 10) and also that their rates "are similar to or lower than the rates typically charged by attorneys of commensurate skill and

3

experience in similar actions in the Eastern and Southern Districts of New York." (*Id.* ¶ 11.)

V&A seeks $21,608 in fees reflecting 112.3 hours of work on this case. (*Id.* ¶ 12.) V&A provided a detailed accounting for the hours in a spreadsheet included in its motion.[1] (ECF No. 51, Ex. A.) The hours were largely expended on drafting the complaints, early court appearances, settlement negotiations, conducting limited discovery, and preparing for and fully briefing the motion for summary judgment. (*Id.*) In addition to the associates' and legal assistants' hours, V&A is seeking $712.80 in costs and expenses, "none of which have been incorporated into V&A's attorneys' or legal assistants' hourly rates." (Isaac Decl. ¶ 13.) In total, then, the firm is seeking $22,320.80 in fees and costs.

Defendant has not opposed this motion. (ECF No. 46, Ex. A, E-Mail From Defendant's Counsel to Plaintiffs' Counsel Confirming Decision Not to Oppose Motion for Fees.)

**DISCUSSION**

I. LEGAL STANDARD

Because this suit was brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*,

---

[1] V&A's initial spreadsheet accounting for its hours included 130.9 hours billed for a total of $25,316. (ECF No. 48, Ex. A.) V&A amended its spreadsheet on November 3, 2015, excluding hours spent on the fee application and certain de minimis hours spent by other members of the firm assisting in the litigation. (ECF No. 51.) This reduced the initial amount on the spreadsheet to $21,608. (ECF No. 51, Ex. A.)

4

and because plaintiffs secured a judgment in their favor, they are entitled to "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D); *see also Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010) (recognizing that plaintiffs who recover delinquent employment contributions to a multiemployer plan — after obtaining "a judgment in favor of the plan" — may seek attorney's fees (quoting § 1132(g)(2)(D))). Additionally, where the employer fails to pay its required contributions, the CBA itself entitles plaintiffs to "[c]osts and attorneys' fees." (ECF No. 23, Ex. A, CBA, Article IX, § 5(b); *see also U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004) (noting that attorney's fees are recoverable where the parties have so agreed in a valid contract).)

The district court has substantial discretion in fashioning an appropriate award for attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983); *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014) ("We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." (internal quotation marks and citations omitted));

*McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (same).

As the Supreme Court has explained,

> [t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Hensley*, 461 U.S. at 433.

Calculating reasonable hours and multiplying that number by a reasonable rate, referred to as the lodestar method, is often employed alongside an analysis of the factors articulated by the Fifth Circuit in *Johnson v. Ga. Highway Express*, Inc., 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989).[2] *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)

---

[2] The 12 *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See* 488 F.2d at 717-19.

The Second Circuit has provided some further guidance in the field, cautioning courts to consider:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Id.* at 184.

II. <u>Analysis</u>

    *A. Reasonable Hourly Rate*

In calculating a reasonable hourly rate, the "Supreme Court directed that district courts should use the prevailing market rates in the community in calculating the lodestar, or what the Second Circuit is now calling the 'presumptively reasonable fee.'" *U.S. Bank, N.A. v. Byrd*, 854 F. Supp. 2d 278, 286 (E.D.N.Y. 2012) (internal quotation marks and citation omitted). The community is generally defined as the district in which the court sits. *See Lynch v. Town of Southampton*, 492 F. Supp. 2d 197, 211 (E.D.N.Y. 2007); *see also Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). *But see Arbor Hill*, 522

7

F.3d at 191 (recognizing that in certain circumstances an out-of-district rate may be used).

    1.   Associate Attorneys

As noted above, the associate attorneys here charged $200 per hour. These attorneys had between three and eight years of experience, and regularly litigated cases concerning ERISA funds. (Isaac Decl. ¶¶ 7-8.) The court finds that these fees are reasonable in light of fees awarded to counsel with comparable experience in similar litigation. *See Trustees of United Teamster Fund v. Ronnie's Truck Serv., Inc.*, No. 07-CV-4456, 2008 WL 2686993, at *1, *4 (E.D.N.Y. July 8, 2008) (awarding $200 per hour for law firm associates in an ERISA action to collect unpaid contributions); *Ferrara v. Oakfield Leasing Inc.*, 904 F. Supp. 2d 249, 274 (E.D.N.Y. 2012) (finding "fair and reasonable" fees in ERISA litigation to be $275 per hour for senior associates and $225 per hour for junior associates); *Ferrara v. CMR Contracting LLC*, 848 F. Supp. 2d 304, 307-08, 314 (E.D.N.Y. 2012) (awarding law firm associates between $200 and $300 per hour in ERISA suit); *Finkel v. Fred Todino & Sons, Inc.*, No. 08-CV-4598, 2010 WL 4646493, at *5-6, (E.D.N.Y. Oct. 8, 2010) (finding reasonable an hourly rate of $275 for associates in ERISA case involving unopposed motion for summary judgment to collect withdrawal liability), *report and recommendation adopted*, No. 08-CV-4598 (E.D.N.Y. Nov. 3, 2010), ECF No. 25.

2. Legal Assistants

V&A billed its legal assistants at $80 per hour, a rate the court finds reasonable in this district. *See Trustees of Local 531 Pension Fund v. Flexwrap Corp.*, 818 F. Supp. 2d 585, 591 (E.D.N.Y. 2011) (awarding $125 per hour for paralegals in ERISA case that proceeded to summary judgment); *Finkel*, 2010 WL 4646493, at *5–6 (finding that $90 per hour for paralegals in ERISA case was reasonable); *see also Ferrara*, 904 F. Supp. 2d at 274 ("The Court finds that fair and reasonable attorneys' fees within this forum are the following: . . . $90 per hour for paralegals and law clerks."); *Carco Group, Inc. v. Maconachy*, No. 05-CV-6038, 2011 WL 6012426, at *3 (E.D.N.Y. Dec. 1, 2011) ("In recent years, courts in this district have approved hourly fee rates in the range of . . . $70 to $100 for paralegal assistants." (collecting cases)), *reversed in part and vacated in part on other grounds*, 718 F.3d 72 (2d Cir. 2013).

B. *Reasonable Hours*

Next, the court evaluates the reasonableness of the hours expended in this case. The attorneys seek compensation for 112.3 hours of work, and provided contemporaneous time records to support their request. (Isaac Decl. ¶¶ 6, 12; ECF No. 51, Ex. A.) Over the course of this litigation, the plaintiffs' attorneys engaged in discovery, filed two complaints, attended conferences, diligently pursued settlement, and finally moved successfully for

summary judgment. (ECF. No. 51, Ex. A.) The court concludes that 112.3 hours is a reasonable amount of time to complete this litigation. *See King v. Unique Rigging Corp.*, No. 01-CV-3797, 2006 WL 3335011, at *1, *4 (E.D.N.Y. Oct. 27, 2006) (finding 339.5 total billable hours reasonable in an ERISA case that proceeded to summary judgment and involved a damages inquest); *LaBarbera v. Ovan Const., Inc.*, No. 06-CV-2867, 2011 WL 5822629, at *5 (E.D.N.Y. Sept. 20, 2011) ("The total number of attorney hours billed" – 184.5 – "is reasonable for this ERISA case, which involved discovery, a summary judgment motion, and an inquest on damages after default."), *report and recommendation adopted*, No. 06-CV-2867, 2011 WL 5825785, at *1 (E.D.N.Y. Nov. 16, 2011); *see also Alfano v. CIGNA Life Ins. Co. of New York*, No. 07-CV-9661, 2009 WL 890626, at *5 (S.D.N.Y. Apr. 2, 2009) (concluding that 235.2 hours was reasonable in ERISA case that advanced to summary judgment).

   *C.   Costs*

Finally, the plaintiffs' attorneys have sought reimbursement for $712.80 in costs, including court fees, copying costs, and transcript fees. (Isaac Decl. ¶ 13; ECF. No. 51, Ex. A.)

"As for costs, a court will generally award those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Barbu v. Life Ins. Co. of N. Am.*, No. 12-CV-1629, 2015 WL 778325, at *6 (E.D.N.Y. Feb. 24, 2015)

(internal quotation marks and citations omitted). However, the "fee applicant bears the burden of adequately documenting and itemizing the costs requested." *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696, 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013) (internal quotation marks and citation omitted). Under Local Rule 54.1(a), the "bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits." E.D.N.Y. Civ. R. 54.1(a). Certain costs, though, may be apparent from the court's docket. *See D.J. ex rel. Roberts v. City of New York,* No. 11-CV-5458, 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012) ("Raysor has failed to provide any invoices, receipts, or similar documentary support for any costs being sought, despite the Court's request that she do so. This failure should not be considered fatal with respect to the Court's $350 filing fee, as the payment of that fee is clearly reflected on the Court's Docket."), *report and recommendation adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012).

Here, no documentation (beyond Isaac's declaration) was provided for any of the costs. However, the docket reflects payment of the $350 filing fee. (ECF No. 1.) The court will therefore award that fee, but deny the balance of the cost requests for lack of documentation. *See D.J. ex rel. Roberts*, 2012 WL 5431034, at *9.

**CONCLUSION**

The court concludes that plaintiffs' attorneys are entitled to $21,608 in fees and $350.00 in costs, for a total of $21,958.

**SO ORDERED**

/s/
Kiyo A. Matsumoto
United States District Judge

DATED: Brooklyn, New York
November 10, 2015